| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>In re:<br><br>Joel Hillelsohn,<br><br>         Debtor.<br><br>------------------------------------------------------------ X | Confirmation Hearing Date: August 4. 2016<br>Time: 10:00 AM<br><br>Case No. 16-10825-jlg<br>Chapter 13 |

### OBJECTION TO CONFIRMATION OF
### CHAPTER 13 PLAN BY MIRIAM J. COHEN-HILLELSOHN

TO THE HON. JAMES. L. GARRITY, UNITED STATES BANKRUPTCY JUDGE:

    Miriam J. Cohen-Hillelsohn a/k/a Miriam J. Cohen ("Ms. Cohen"), by her attorneys, Ackerman Fox, LLP, states the following grounds as and for her Objection to Confirmation of the Debtor's Chapter 13 Plan:

    1.    Ms. Cohen is the former spouse of the Debtor.

    2.    In connection with the dissolution of their marriage, Ms. Cohen and the Debtor entered into a Stipulation of Settlement and Agreement executed by each of them on April 23, 2014 ("Divorce Agreement"). A copy of the Divorce Agreement is annexed hereto as **Exhibit A**.

    3.    The Debtor is a doctor, and Ms. Cohen is a physical therapist.

    4.    During their divorce proceeding, Ms. Cohen and the Debtor were unable to reach an amicable resolution on the issues of each party's enhanced earning capacity and their wedding gifts, and these issues were submitted by the Supreme Court, State of New York, County of Bronx (the "Divorce Court") to arbitration by the former Justice Jacqueline W. Silbermann, who issued a Decision After Arbitration on March 19, 2015 ("Arbitration Decision"). A copy of the Arbitration Decision is annexed hereto at **Exhibit B**.

5.      Thereafter, Ms. Cohen, through her attorneys in the divorce proceedings, filed an Order to Show Cause ("OSC") seeking confirmation of the Arbitration Decision, and requesting an award of attorney's fees to her in the sum $15,000 pursuant to DRL §237(c) and 238. This OSC was granted, and the arbitration award was confirmed in its entirety by Order of the Divorce Court dated July 30, 2015. A copy of this Order is annexed hereto at **Exhibit C**.

6.      The terms of the Divorce Agreement and the Arbitration Decision were expressly incorporated in the Judgment of Divorce entered on September 22, 2015 ("Divorce Judgment"), and filed with the Office of the Clerk of the Divorce Court on October 2, 2015. A copy of the Notice of Entry and Divorce Judgment is annexed hereto as **Exhibit D**. The Divorce Judgment specifically states ". . . that the Settlement Agreement and the decision of the arbitrator, Hon. Jacqueline W. Silbermann, shall be incorporated by reference into the Judgment of Divorce . . ." (*See* p. 3 of the Judgment of Divorce, Ex. D).

7.      This case was commenced on April 5, 2016 ("Filing Date"), by the Debtor's filing of a voluntary petition under Chapter 13 seeking relief under the 11 of the United States Code (the "Bankruptcy Code") with this Court.

8.      On April 7, 2016, the Debtor filed his first Chapter 13 Plan, which was amended on July 22, 2016 (the "Plan"). A copy of the Debtor's amended Chapter 13 Plan is annexed hereto at **Exhibit E**.

9.      Ms. Cohen is directly owed all domestic support obligations ("DSO") under the Divorce Agreement, the confirmed Arbitration Decision and the related documents, and the Divorce Judgment; and she has not assigned her DSO claims to a governmental entity, nor are the DSO payments "owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law."

**THE DEBTOR'S CHAPTER 13 PLAN IS NOT CONFIRMABLE, BECAUSE IT VIOLATES THE REQUIREMENTS OF CHAPTER 13 OF THE BANKRUPTCY CODE IN NUMEROUS WAYS**

10. Under Section 1325(a)(1) of the Bankruptcy Code, a plan can only be confirmed in the Debtor's case if "(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title".

11. The Debtor's Chapter 13 Plan cannot be confirmed because it violates this provision, and the requirements of numerous other provisions in Sections 1322 and 1325 of the Bankruptcy Code.

12. First, the Plan that the Debtor has filed, violates Section 1325(a)(6) since the debtor clearly will not "be able to make all payments under the plan and to comply with the plan".

13. This is the case, for numerous reasons.

14. Preliminarily, it is respectfully submitted that the Debtor failed to list of all his expenses associated with his ongoing obligations under the Divorce Agreement and related documents, and the Divorce Judgement, in Schedule J of his Chapter 13 Schedules which were filed with his Petition. A copy of the Debtor's Schedule J is annexed hereto at **Exhibit F**.

15. If the Debtor would have accurately listed all of his actual monthly expenses, he would have a negative net income, making it impossible to fund the Plan or any chapter 13 plan.

16. Pursuant to Section 3.1(a) of the Divorce Agreement, the Debtor is required to make child support payments through April 2015 of $768 per month, Thereafter, this is subject to an upward adjustment "every two (2) years thereafter to a sum equal to seventeen (17%) percent of his [Debtor] "CSSA Income". As of May 2015, the Debtor's monthly child support payments increased to $789 per month pursuant to an analysis conducted by an accountant

selected jointly by the Debtor and Ms. Cohen. A copy of said adjustment from the accountant is annexed hereto as **Exhibit G**.

17.    However, in addition to the monthly child support payments of $789, the Debtor is further required pursuant to Section 3.4 of the Divorce Agreement, to pay 49.0961% (adjusted on May 2015 from 47.5%) of the Debtor's and Ms. Cohen's son's Jewish private school costs which includes "tuition and all related costs". As of the date of this Objection, the cost for the Debtor's son's 2016-2017 Jewish private school is a total of approximately $10,000, of which the Debtor is required to pay $4,909.61. This expense is not included in the Debtor's monthly expenses on his Schedule J. When properly included, his monthly net income is decreased by $409.13 ($4,909.61 divided by 12=$409.13). (*See* Ex. F hereto).

18.    Section 3.5(a) of the Divorce Agreement further requires the Debtor to pay 49.0961% of all "Child Support Add-Ons", which includes "summer camp, tutoring, after-school activities, medical insurance premiums, unreimbursed medical and dental expenses (including but not limited to doctors' and dentists' services, orthodontic treatment, if necessary, laboratory testing, prescription drug expense, psychiatric and psychological treatment and eye glasses (if necessary)...". Based upon the total "add-ons" the Debtor was required to pay during the previous year, the total monthly add-ons going forward is approximately $166. A list of the "add-ons" and the monthly amount thereof is annexed hereto at **Exhibit H**.

19.    These expenses are not listed on the Debtor's Schedule J at all.

20.    It is respectfully submitted that the Debtor's Schedule J therefore clearly fails to accurately reflect his true monthly expenses. Pursuant to the additional monthly expenses discussed above, the Debtor's true aggregate monthly expenses would be increased to $4,010.13,

rather than the $3,446.00 amount (which includes $800 for support), that the Debtor inaccurately wrote in his Schedule J as his total monthly expenses.

21. The Debtor's actual net monthly income is therefore reduced to $7.53. However, this amount is only correct if one were to presume the accuracy of the other expenses which the Debtor listed in his Schedule J.

22. It is submitted that, clearly, several expenses were under-listed by the Debtor, for less than the amount that he reasonably could be expected to spend over the 3-year life of the Plan that he filed. The Debtor's Schedule J listed that over the next three years, he will only spend $300 monthly for food, and $50 monthly for cable, phone and cell phone.

23. In actuality, therefore, the Debtor almost certainly has a negative net income.

24. Consequently, the Debtor cannot afford to make any chapter 13 plan payments at this time.

25. The Plan therefore also violates Section 1325(a)(3) of the Bankruptcy Code in that the Debtor, knowing that he could not afford to make the payments required under any chapter 13 plan, did not propose the plan "in good faith".

26. For the same reason, the Plan cannot be confirmed under Section 1325(a)(7) of the Bankruptcy Code in that the action of the Debtor in filing the petition clearly was not good faith.

25. Further, the fact that the Debtor has a negative net income probably accounts for why the Debtor has failed to make his basic monthly child support payment of $789 to Ms. Cohen for the months of June 2016 and July 2016, for a total amount of $1,578.

25. Because the Debtor is not current on his post-petition DSO payments to Ms. Cohen, the Plan cannot be confirmed under Section 1325(a)(8) of the Bankruptcy Coe, which

provides that a Plan can only be confirmed in the Debtor's case, if "the Debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation".

27.  Indeed, the Debtor's Plan does not even set forth that he is required to pay monthly post-petition DSO payments to Ms. Cohen. Therefore, the Plan violates Sections 1325(a)(1), (a)(3) and (a)(7) for this reason, too.

28.  Further, the Debtor certainly cannot afford to make the payments which should be required under a plan herein.

25.  Schedule F of the Debtor's schedules mis-characterized Ms. Cohen's pre-petition DSO claim, in two ways, First, it listed this claim as being only for the sum of $146,600, and second, it listed this claim a general unsecured claim. A copy of the Debtor's Schedule F is annexed hereto at **Exhibit J**.

29.  On July 25, 2016, Ms. Cohen filed a Proof of Claim, Claim No. 5, evidencing her unsecured priority DSO claim in the total amount of $176,600 ("Cohen POC"). A copy of the Cohen POC is annexed hereto at **Exhibit I**, without attachments.

26.  The Cohen POC sets forth that Ms. Cohen is owed the total sum of $176,600 under the Divorce Agreement, the Arbitration Decision and the related documents, and the Divorce Judgment, as a priority DSO Claim under Bankruptcy Code Section 507(a)(1)(A)[1].

---

[1] As set forth in the text above, Ms. Cohen is directly owed the DSOs under the Divorce Agreement, the confirmed Arbitration Decision and the related documents, and she has not assigned her DSO claims to a governmental entity, nor are the DSO payments "owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law."

27. The Debtor's Plan does not properly provide for payment of 100% of Ms. Cohen's Priority pre-petition DSO Claim. The Plan is therefore also not confirmable because it violates 11 U.S.C. Section 1322(a)(2) and (a)(3).

28. These Sections set forth that a chapter 13 plan:

> (2) shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim;

> (3) if the plan classifies claims, shall provide the same treatment for each claim within a particular class.

29. Under Section 1322(a)(2), the $176,600 due to Ms. Cohen pre-petition, as a DSO Claim entitled to priority under Bankruptcy Code Section 507(a)(1)(A), must be paid in full (over Bankruptcy Code Section 1325[b][4], over a period not to exceed 5 years).[2] This is not provided for, and cannot be provided for, by the Debtor, given that the Debtor does not have the wherewithal to do this, in light of his negative net income. And Ms. Cohen has not been requested to agree, and she shall not agree, to a different treatment than she is required to be provided under the Bankruptcy Code.

30. The Plan further violates Bankruptcy Code Section 1325(a)(3), in that it "lumps" Ms. Cohen's pre-petition Priority DSO claim in with the claims of general unsecured creditors, and does not treat it separately as required under Section 1325(a)(2), reviewed above.

31. Based upon the foregoing, it is respectfully submitted that the Debtor's Plan was proposed in bad faith in violation of 11 U.S.C. §1322(a)(2) and (a)(4), as well as Bankruptcy Coder Section 1325(a)(1), (a)(3) and (a)(7) for this reason, too.

---

[2] If the Debtor did have sufficient disposable income to afford this payment, through contributions from a third party or otherwise, then Ms. Cohen respectfully would seek interest on her priority DSO claim under Bankruptcy Code Section 1325(b)(10).

WHEREFORE, it is respectfully requested that this Court deny confirmation of the Debtor's Amended Chapter 13 Plan, dismissing the Debtor's Chapter 13 Case, together with the such other, further relief to Ms. Cohen as the Court may deem just and proper.

Dated: East Meadow, New York
      July 25, 2016               **ACKERMAN FOX, LLP**
                                 Attorneys for Creditor, Miriam J. Cohen-Hillelsohn

                        By:   */s/ Neil H. Ackerman*
                               Neil H. Ackerman
                               90 Merrick Avenue, Suite 400
                               East Meadow, New York 11554
                               Phone: (516) 493-9920
                               Fax:  (516) 228-3396